Conformed Copy

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   Miriam L. Schimmel (SBN 185089)
    MSchimmel@InitiativeLegal.com
2   Mark P. Estrella (SBN 187091)
    MEstrella@InitiativeLegal.com
3   Sang Park (SBN 232956)
    SPark@InitiativeLegal.com
4   Initiative Legal Group APC
    1800 Century Park East, 2nd Floor
5   Los Angeles, California 90067
    Telephone:  (310) 556-5637
6   Facsimile:   (310) 861-9051

7   Attorneys for Plaintiff Dawn Wiley

FILED
CLERK, U.S. DISTRICT COURT

OCT 20 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   DAWN WILEY, individually, and on       Case No. **CV10-7901-** DDP
     behalf of other Members of the                                (JCGx)
12   general public similarly situated,
                                           **CLASS ACTION COMPLAINT FOR**
13              Plaintiff,                 **INJUNCTION AND OTHER**
                                           **EQUITABLE RELIEF**
14        vs.
                                           (1)  Violation of California Labor Code
15   JP MORGAN CHASE BANK, N.A.,                 § 226(a) (Non-compliant Wage
     an Ohio Corporation,; JPMORGAN             Statements);
16   CHASE & CO, a Delaware
     Corporation; and DOES 1 through 10,   (2)  Violation of California Business &
17   inclusive,                                 Professions Code §§ 17200, et seq.

18              Defendants.

19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────
                CLASS ACTION COMPLAINT

1    Plaintiff Dawn Wiley ("Plaintiff"), individually and on behalf of all other

2    members of the public similarly situated, alleges as follows:

3                        **JURISDICTION AND VENUE**

4         1.    The above-entitled Court has jurisdiction over this case pursuant to

5    28 U.S.C. § 1332.  At the time this action was commenced, the Plaintiff was a

6    resident and citizen of the State of California.  At the time this action was

7    commenced, Defendant JP MORGAN CHASE BANK, N.A. was an Ohio

8    corporation with its corporate headquarters and principal place of business

9    located in the State of Ohio, and, Defendant JPMORGAN CHASE & CO. was a

10   Delaware corporation with its corporate headquarters and principal place of

11   business located in the State of New York.  Plaintiff is not aware that any

12   fictitiously named Defendants are citizens of the State of California, and Plaintiff

13   believes that none of the fictitiously named Defendants are citizens of the State

14   of California.  Additionally, the amount in controversy is in excess of

15   $75,000.00.  Moreover, the above-entitled Court has jurisdiction over this class

16   action pursuant to the Class Action Fairness Act of 2005, codified at 28 U.S.C. §

17   1332(d), because the number of prospective class members is believed to be over

18   100 and the total amount in controversy for this class action exceeds $5 million.

19        2.    Venue is proper in this Court because Defendants do substantial

20   business in the State of California, County of Los Angeles.  JP MORGAN

21   CHASE BANK, N.A. has branch locations in Los Angeles County, in the State

22   of California.  Venue is also proper because Defendants' corporate policies were

23   applied and executed in Los Angeles County, in the State of California.

24                             **THE PARTIES**

25        3.    Plaintiff DAWN WILEY is, and at all relevant times was, a

26   competent adult residing in California.  Plaintiff brings this suit on behalf of

27   herself and all similarly situated individuals pursuant to California Code of Civil

28   Procedure section 382, Federal Rules of Civil Procedure 23 and California

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   Business & Professions Code section 17200 *et seq.*

2       4.      Defendant JP MORGAN CHASE BANK, N.A. was and is, upon

3   information and belief, an Ohio corporation, with its corporate headquarters and

4   principal place of business in the State of Ohio.  At all times hereinafter

5   mentioned, Defendant JP MORGAN CHASE BANK, N.A. was an employer

6   whose employees are engaged throughout this county, the State of California and

7   the various states of the United States of America.  JP MORGAN CHASE

8   BANK, N.A. owns and operates numerous branch locations throughout the State

9   of California.

10      5.      Defendant JPMORGAN CHASE & CO. was and is, upon

11  information and belief, a Delaware corporation, with its corporate headquarters

12  and principal place of business in the State of New York.  At all times

13  hereinafter mentioned, Defendant JPMORGAN CHASE & CO. was an employer

14  whose employees are engaged throughout this county, the State of California and

15  the various states of the United States of America.

16      6.      Plaintiff is unaware of the true names or capacities of the

17  Defendants sued herein under the fictitious names DOES 1 through 10, but prays

18  for leave to amend and serve such fictitiously named Defendants once their

19  names and capacities become known.

20      7.      Plaintiff is informed and believes, and thereon alleges, that DOES 1

21  through 10 are the partners, agents, owners, shareholders, managers or

22  employees of JP MORGAN CHASE BANK, N.A. and/or JPMORGAN

23  CHASE & CO., INC.

24      8.      Plaintiff is informed and believes, and thereon alleges, that each and

25  all of the acts and omissions alleged herein was performed by, or is attributable

26  to, JP MORGAN CHASE BANK, N.A., JPMORGAN CHASE & CO., INC. and

27  DOES 1 through 10 (collectively "Defendants"), each acting as the agent for the

28  other, with legal authority to act on the other's behalf.  The acts of any and all

CLASS ACTION COMPLAINT

Defendants were in accordance with, and represent, the official policy of Defendants.

9.     At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

10.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on her own behalf, as well as on behalf of each and all other persons similarly situated, for claims alleged herein which arise under California law.

12.     This action is properly maintainable under Fed. R. Civ. Proc. Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declarative relief with respect to the class as a whole.  This action is also properly maintainable under Rule 23(c)(4) for all class issues alleged herein.

13.     Plaintiff seeks relief authorized by California law, and thus, seeks class certification under Federal Rules of Civil Procedure, Rules 23(a) and (b)(2) of the following Class:

> All persons currently employed by Defendants in California as commission-paid Loan Officers.

14.     Plaintiff reserves the right to establish subclasses as appropriate.

15.     There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual Members,

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    including but not limited to:

2            (a)     Whether Defendants' failure to pay wages, without abatement

3                       or reduction, in accordance with the California Labor Code, is

4                       willful;

5            (b)     Whether Defendants require Plaintiff and Class Members to

6                       work off-the-clock and fail to pay legally required overtime

7                       compensation to Plaintiff and Class Members;

8            (c)     Whether Defendants deprive Plaintiff and Class Members of

9                       meals periods or require Plaintiff and Class Members to work

10                      during meal periods without compensation;

11           (d)     Whether Defendants deprive Plaintiff and Class Members of

12                      rest periods or require Plaintiff and Class Members to work

13                      during rest periods without compensation;

14           (e)     Whether Defendants misclassified Plaintiff and class

15                      members as exempt from overtime compensation;

16           (f)     Whether Defendants misclassified Plaintiff and class

17                      members as exempt from meal periods;

18           (g)     Whether Defendants misclassified Plaintiff and class

19                      members as exempt from rest periods;

20           (h)     Whether Defendants fail to pay minimum wages to Plaintiff

21                      and Class Members;

22           (i)     Whether Defendants unlawfully collected or received from

23                      Plaintiff and Class Members any part of wages previously

24                      paid to Plaintiffs and Class Members;

25           (j)     Whether Defendants comply with wage reporting as required

26                      by the California Labor Code, including but not limited to

27                      section 226;

28           (k)     Whether Defendants fail to pay all wages and commissions

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

earned by Plaintiff and Class Members;

(l)     Whether Defendants' conduct is willful or reckless; and

(m)     Whether Defendants engage in unfair business practices in violation of California Business & Professions Code sections 17200 *et seq.*

16.     There is a well-defined community of interest in the litigation and the class is readily ascertainable:

(a)     <u>Numerosity</u>:  The Members of the class (and each Subclass, if any) are so numerous that joinder of all Members would be unfeasible and impractical.  The Membership of the entire class is unknown to Plaintiff at this time, however, the class is estimated to be greater than one hundred (100) individuals and the identity of such Membership is readily ascertainable by inspection of Defendants' employment records.

(b)     <u>Typicality</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom she has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' as demonstrated herein.

(c)     <u>Adequacy</u>:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that she has an obligation to make known to the Court any relationship, conflicts or differences with any Class Member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification and settlement.  Plaintiff has incurred, and

CLASS ACTION COMPLAINT

throughout the duration of this action will continue to incur, costs and attorneys' fees that have been, are and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

(d)   Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e)   Public Policy Considerations:  Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the Class Members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while simultaneously protecting their privacy.

## GENERAL ALLEGATIONS

17.   At all relevant times set forth, Defendants employ Plaintiff and other persons as commission-paid Loan Officers.

18.   Defendants have employed Plaintiff DAWN WILEY as a "Loan Officer," a commission-paid position.  Plaintiff has worked at Defendants' Jefferson Branch and Fox Hills Branch, located in Culver City, County of Los Angeles, State of California, from January 2010 to the present.  Plaintiff is generally paid either a monthly non-recoverable draw of about two thousand and

five hundred dollars ($2,500) or a percentage of her commissions, whichever was greater.  Plaintiff's commissions earned rarely exceeded two thousand dollars ($2,000).  Plaintiff typically works approximately 45-55 hours per week.

19.     As a Loan Officer, Plaintiff's primary job duties include originating loans, greeting customers, interviewing clients for loan approval, compiling loan packages, collecting loan conditions from clients, submitting loan documents for processing, interacting with customers, monitoring loan activity and running transactions for clients within Defendants' branch locations.  Plaintiff cannot hire or fire Defendants' employees.  She spends the majority of her time originating loans and preparing loan packages inside Defendants' office locations.

20.     Throughout her employment with Defendants, Plaintiff has been required to quickly respond to business-related phone calls and text messages from Defendants and Defendants' clients at all hours, including her off days.  For example, on Plaintiff's days off, Defendants send text messages to her personal cell phone requesting that she respond "ASAP" to Defendants' work-related text messages.  Plaintiff is also frequently required to respond to phone calls from Defendants' clients before and after banking hours and on her off days.  Plaintiff has not been paid for the time she spends responding to business-related phone calls and text messages.

21.     Defendants continue to employ commission-paid employees within California and throughout the United States.

22.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants are advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices and about the requirements of California law.

23.     Plaintiff is informed and believes, and thereon alleges, that

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Defendants know or should know that Plaintiff and Class Members are entitled to receive certain wages for overtime compensation and that they do not receive certain overtime compensation wages.  This includes, but is not limited to, the time Plaintiff and Class Members work off-the-clock responding to business-related phone calls and text messages.

24.    Plaintiff is informed and believes, and thereon alleges, that Defendants know or should know that Plaintiff and Class Members are entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and Class Members' regular rate of pay when they did not receive a timely uninterrupted meal period.  The workload is such that Plaintiff is regularly unable to take her meal break within the first five (5) hours.  Sometimes she is unable to take her meal break until 6 or 7 hours after the start of her shift.  In addition, Plaintiff's meal breaks are regularly interrupted, cut short and oftentimes missed entirely.

25.    Plaintiff is informed and believes, and thereon alleges, that Defendants know or should know that Plaintiff and Class Members are entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest period is missed, and that they do not receive all rest periods or payment of one additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest period is missed.  The workload is such that Plaintiff can rarely take rest breaks.

26.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment, and that they did not receive full reimbursement of applicable business-related expenses and costs they incurred.  For example, Plaintiff is not reimbursed for work-related mileage and cell phone charges even though she is required to travel between her

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

assigned branch locations in her personal vehicle and even though nearly 60% of her cell phone use is work-related.

27.     Plaintiff is informed and believes, and thereon alleges, that Defendants know or should know that Plaintiff and Class Members are entitled to receive complete and accurate wage statements in accordance with California law, and that they do not receive complete and accurate wage statements in accordance with California law.  The deficiencies include, among other things, the failure to include Plaintiff's and Class Members' social security number, the failure to include the name of the employer, the failure to include the total number of hours worked by Plaintiff and Class Members, the failure to list all applicable hourly rates and the failure to list all deductions.

28.     Plaintiff is informed and believes, and thereon alleges, that Defendants know or should know that Plaintiff and Class Members are entitled to receive at least minimum wage for all time worked and that they are not receiving at least minimum wages for compensation when they are required to work off-the-clock.  This includes, but is not limited to, the time Plaintiff and Class Members work off-the-clock responding to business-related phone calls and text messages.

29.     Plaintiff is informed and believes, and thereon alleges, that Defendants know or should know that Plaintiff and Class Members are entitled not to have to pay wages back to their employer.  This includes, but is not limited to, fees Defendants deducted from Plaintiff and Class Members earnings to cover the cost of Defendants' website.

30.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants know or should know that they have a duty to compensate Plaintiff and Class Members, and that Defendants have the financial ability to pay such compensation, but wilfully, knowingly and intentionally fail to do so, and falsely represent to Plaintiff and other Class

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Members that they are properly denied wages, all in order to increase Defendants' profits.

31.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants engaged in a systematic business practice of misclassifying Plaintiff and Class Members as exempt from the California Labor Code's wage and hour regulations.  Plaintiff, whom Defendants employ as a Loan Officer, works long hours, in excess of eight (8) hours in a day or forty (40) hours in a week.  Plaintiff frequently works nine (9) to (10) hours per day. Plaintiff typically works approximately 45-55 hours per week.  Yet, Plaintiff's monthly earnings rarely exceed two thousand ($2,000) dollars.  As a result, Plaintiff's monthly salary is oftentimes less than one and one half times the minimum wage.  Moreover, the majority of Plaintiff's work for Defendants is non-managerial in nature and she does not possess authority to hire or fire Defendants' employees.  Defendants willfully, knowingly and intentionally misclassified Plaintiff and Class Members and falsely represented to Plaintiff that she was properly classified all in order to avoid overtime costs and increase Defendants' profits.

## FIRST CAUSE OF ACTION

## Violation of California Labor Code § 226(a)

## (Against All Defendants)

32.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 31.

33.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including all applicable hourly rates, and total hours worked, among other things.

34.     Defendants intentionally and willfully fail to provide employees

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   with complete and accurate wage statements.  The deficiencies include, among

2   other things, the failure to include the name of the employer, the failure to

3   include the total number of hours worked by Plaintiff and Class Members, the

4   failure to list all applicable hourly rates, and the failure to list all deductions.

5   35.    As a result of Defendants' violation of California Labor Code

6   section 226(a), Plaintiff and Class Members suffer injury and damage to their

7   statutorily protected rights.

8   36.    Specifically, Plaintiff and Class Members are injured by

9   Defendants' intentional violation of California Labor Code section 226(a)

10  because they are denied both their legal right to receive, and their protected

11  interest in receiving, accurate, itemized wage statements under California Labor

12  Code section 226(a).

13  37.    Plaintiff and Class Members are entitled to injunctive relief to

14  ensure compliance with this section, pursuant to California Labor Code section

15  226(g).

16                          **SECOND CAUSE OF ACTION**

17  **Violation of California Business & Professions Code §§ 17200 *et seq*.**

18                          **(Against All Defendants)**

19  38.    Plaintiff incorporates by reference and re-alleges as if fully stated

20  herein the material allegations set out in paragraphs 1 through 37.

21  39.    Defendants' conduct, as alleged herein, continues to be, unfair,

22  unlawful and harmful to Plaintiff, other Class Members and to the general

23  public.  Plaintiff seeks to enforce important rights affecting the public interest

24  within the meaning of Code of Civil Procedure section 1021.5.

25  40.    Defendants' activities, as alleged herein, are violations of California

26  law, and constitute unlawful business acts and practices in violation of California

27  Business & Professions Code sections 17200 *et seq*.

28  41.    A violation of California Business & Professions Code sections

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

17200 *et seq.* may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices of requiring commission-paid Loan Officers, including Plaintiff and Class Members, to work overtime without paying them proper compensation violates California Labor Code sections 510 and 1198.  In addition, Plaintiff and Class members are required to receive and quickly respond to business-related phone calls and text messages after banking hours and on their days off.  Plaintiff and class members do not receive any wages or overtime pay for this off-the-clock work.

42.  Defendants' policies and practices of requiring commission-paid Loan Officers, including Plaintiff and Class Members, to work through their meal periods without paying them proper compensation violates California Labor Code sections 512(a) and 226.7.  This includes instances when Plaintiff and Class Members are unable to take meal breaks within the first five (5) hours due to their workload and occasions when Plaintiff and Class Members had their meal breaks interrupted or cut short due to their workload.  As an example, on weekdays, Plaintiff typically starts her shift at 8:30am but is unable to take a meal break until around 2:30pm or as late as 4:00pm in the afternoon due to her workload.  In addition, Plaintiff's meal breaks are oftentimes interrupted or cut short because she is required to respond to business phone calls or meet with clients during her meal breaks.  Plaintiff sometimes misses her meal breaks entirely because she works through them.

43.  Additionally, Defendants' policies and practices of requiring commission-paid Loan Officers, including Plaintiff and Class Members, to work through their rest periods without paying them proper compensation violates California Labor Code section 226.7.  This includes instances when Plaintiff and Class Members are unable to take any rest breaks due to their workload.  As an example, Plaintiff rarely receives an uninterrupted ten (10) minute rest break because she is constantly required to be available to meet with incoming clients

1    and respond to business phone calls.

2          44.    Defendants' policies and practices of not paying at least minimum

3    wages violate California Labor Code sections 1194, 1197 and 1197.1.  This

4    includes, but is not limited to, time Plaintiff and Class Members spend working

5    off-the-clock.  Plaintiff and Class members are required to receive and quickly

6    respond to business-related phone calls and text messages after banking hours

7    and on their days off.  Plaintiff and class members do not receive any wages or

8    overtime pay for this off-the-clock work.

9          45.    Defendants' policies and practices of deducting fees from Plaintiff's

10    and Class Members' wages earned violates California Labor Code section 221.

11    This includes, but is not limited to, fees Defendants deducted from commissions

12    earned by Plaintiff and Class Members to pay for Defendants' website.  For

13    example, Defendants deducted a "website fee" of approximately seventy-five

14    ($75) dollars from Plaintiff's commissions earned for each pay period.

15          46.    Defendants' policies and practices of failing to timely pay all wages

16    to Plaintiff and Class Members violates California Labor Code section 204.  This

17    includes, but is not limited to, time Plaintiff and Class Members spend working

18    off-the-clock.

19          47.    Defendants' policies and practices of not reimbursing its employees,

20    including Plaintiff and Class Members, for business-related expenses and costs

21    violate California Labor Code sections 2800 and 2802.  This includes, but is not

22    limited to, mileage expenses and cell phone costs Plaintiff and Class Members

23    necessarily incur in performing their job for Defendants.  As an example,

24    Plaintiff is assigned to work at two of Defendants' branch locations located in

25    Culver City.  Initially, Plaintiff was required to travel between both branch

26    locations on a daily basis using her own personal vehicle.  Plaintiff is still

27    occasionally required to travel between her assigned branch locations.  Plaintiff

28    has not been reimbursed for mileage or gas expenses she incurred traveling

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

CLASS ACTION COMPLAINT

1    between Defendants' branch locations.  In addition, Plaintiff is required to use

2    her personal cell phone to receive phone calls and text messages from

3    Defendants and Defendants' clients.  Although approximately sixty (60%)

4    percent of Plaintiff's cell phone use is attributable to Defendants' business

5    operations, Plaintiff has not been reimbursed for her cell phone expenses.

6         48.    Plaintiff and putative Class Members continue to be personally

7    injured by Defendants' unlawful business acts and practices as alleged herein,

8    including but not necessarily limited to the loss of money or property.

9         49.    The acts herein alleged are continuing.  Unless enjoined, Defendants

10   will continue to reap the benefits of services of commission-paid Loan Officers

11   while failing to pay for those services in accordance with California law.

12   Pursuant to California Business & Professions Code sections 17200 *et seq*.,

13   Plaintiff and putative Class Members are entitled to injunctive relief and an

14   award of attorneys' fees pursuant to California Code of Civil Procedure section

15   1021.5 and other applicable laws.

16        50.    The wrongful conduct unless enjoined by this court will cause great

17   and irreparable harm to Plaintiff and Class Members in that Defendants will

18   continue to violate California wage and hour laws by engaging in conduct

19   prohibited by California Business & Professions Code sections 17200 *et seq*.

20   Unless Defendants' conduct is enjoined and they are compelled to refrain from

21   "unfair, unlawful, and fraudulent" practices, Plaintiff and Class Members have

22   no adequate remedy at law for the injury they suffered and continue to suffer.

23        51.    Plaintiff and Class Members are entitled to a temporary restraining

24   order, preliminary and permanent injunction enjoining the conduct described

25   above pursuant to California Business & Professions Code section 17203.

26                              **PRAYER FOR RELIEF**

27        Plaintiff, and on behalf of all others similarly situated, prays for relief and

28   judgment against Defendants, jointly and severally, as follows:

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1.   That this action be certified as a class action;

2.   That Plaintiff be appointed as the representative of the Class;

3.   That counsel for Plaintiff be appointed as Class Counsel;

4.   For a temporary restraining order, preliminary and permanent injunction restraining Defendants and their agents and employees from continuing to violate the wage and hour laws as alleged herein;

5.   For a temporary restraining order, preliminary and permanent injunction restraining Defendants and their agents and employees from continuing to withhold from Plaintiff and Class Members compensation for overtime hours worked;

6.   For a temporary restraining order, preliminary and permanent injunction mandating that Defendants and their agents and employees provide each commission-paid Loan Officer meal breaks as required by law;

7.   For a temporary restraining order, preliminary and permanent injunction mandating that Defendants and their agents and employees provide each commission-paid Loan Officer rest breaks as required by law;

8.   For a temporary restraining order, preliminary and permanent injunction mandating that Defendants and their agents and employees provide Plaintiff and Class Members accurate, itemized wage statements as required by California law;

9.   For a temporary restraining order, preliminary and permanent injunction mandating that Defendants and their agents and employees pay Plaintiff and Class Members at least minimum wage for all hours worked;

10.   For a temporary restraining order, preliminary and permanent injunction mandating that Defendants and their agents and employees reimburse Plaintiff and Class Members for business-related expenses incurred during the course and scope of their employment as required by California law;

11.   For a temporary restraining order, preliminary and permanent

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

injunction mandating that Defendants and their agents and employees timely pay Plaintiff and Class Members during the course of their employment by the Defendants;

12.     For a temporary restraining order, preliminary and permanent injunction restraining Defendants and their agents and employees from continuing to commit unlawful, unfair and fraudulent business practices in violation of California Business & Professions Code sections 17200 *et seq.*, including from continuing to commit violations of wage and hour laws by use of economic force against Plaintiff and Class Members;

13.     For reasonable attorneys' fees; and

14.     For such further relief as the Court may deem appropriate.


Dated:  October 20, 2010                    Respectfully submitted,

Initiative Legal Group APC


By: _____
Miriam L. Schimmel
Mark P. Estrella
Sang Park


Attorneys for Plaintiff Dawn Wiley

CLASS ACTION COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV10- 7901 DDP (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [_] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Miriam L. Schimmel (SBN 185089)
MSchimmel@InitiativeLegal.com
[additional counsel listed on Attachment to Summons]
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| DAWN WILEY, individually, and on behalf of other Members of the general public similarly situated, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | **CV10-7901-**DDP(JCGx) |
| JP MORGAN CHASE BANK, N.A., an Ohio Corporation, [additional parties listed on Attachment to Summons] DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): JP MORGAN CHASE BANK, N.A., an Ohio Corporation; JPMORGAN CHASE & CO, a Delaware Corporation; and DOES 1 through 10, inclusive

     A lawsuit has been filed against you.

     Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Sang Park_____, whose address is Initiative Legal Group APC, 1800 Century Park East, 2nd Floor, Los Angeles, CA 90067_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __10-20-10__

By: _____
          Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                   **SUMMONS**

1

2

## <u>ATTACHMENT TO SUMMONS</u>

3    *Additional Counsel for Plaintiff Dawn Wiley is as follows:*

4    Mark P. Estrella (SBN 187091)

5    MEstrella@InitiativeLegal.com

6    Sang Park (SBN 232956)

7    SPark@InitiativeLegal.com

8

9    *Additional Defendants are as follows:*

10   JP MORGAN CHASE BANK, N.A., an Ohio Corporation; JPMORGAN

11   CHASE & CO, a Delaware Corporation; and DOES 1 through 10, inclusive

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Miriam L. Schimmel (SBN 185089)
MSchimmel@InitiativeLegal.com
[additional counsel listed on Attachment to Summons]
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| DAWN WILEY, individually, and on behalf of other Members of the general public similarly situated,<br><br>PLAINTIFF(S)<br>v.<br><br>JP MORGAN CHASE BANK, N.A., an Ohio Corporation, [additional parties listed on Attachment to Summons]<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV10-7901-**<br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>JP MORGAN CHASE BANK, N.A., an Ohio Corporation; JPMORGAN CHASE</u>
<u>& CO, a Delaware Corporation; and DOES 1 through 10, inclusive</u>

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>Sang Park</u>, whose address is <u>Initiative Legal Group APC, 1800 Century Park East, 2nd Floor, Los Angeles, CA 90067</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __10-20-10__

By: _____
**TANYA DURANT**
Deputy Clerk

*(Seal of the Court)*   1188

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1

2

# **ATTACHMENT TO SUMMONS**

3   *Additional Counsel for Plaintiff Dawn Wiley is as follows:*

4   Mark P. Estrella (SBN 187091)

5   MEstrella@InitiativeLegal.com

6   Sang Park (SBN 232956)

7   SPark@InitiativeLegal.com

8

9   *Additional Defendants are as follows:*

10   JP MORGAN CHASE BANK, N.A., an Ohio Corporation; JPMORGAN

11   CHASE & CO, a Delaware Corporation; and DOES 1 through 10, inclusive

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DAWN WILEY, individually, and on behalf of other Members of the general public similarly situated,

**DEFENDANTS**
JP MORGAN CHASE BANK, N.A., an Ohio Corporation; [additional parties listed on Attachment to Civil Cover Sheet]

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Miriam L. Schimmel (MSchimmel@InitiativeLegal.com) [additional counsel listed on Attachment to Civil Cover Sheet] Initiative Legal Group APC
1800 Century Park East, 2nd Floor, Los Angeles, CA 90067    (310) 556-5637

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No      ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
(1) Violation of California Labor Code § 226(a) (Non-compliant Wage Statements); (2) Violation of California Business & Professions Code §§ 17200, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   CV10-7901-

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

Confidential Copy

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☐ No   ☑ Yes
If yes, list case number(s):  SACV09-918, CV10-1343

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☑ A. Arise from the same or closely related transactions, happenings, or events; or

☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, __and__ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Dawn Wiley - Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | JP MORGAN CHASE BANK, N.A. - Ohio<br>JPMORGAN CHASE & CO - Delaware |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  October 20, 2010

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

1

## ATTACHMENT TO CIVIL COVER SHEET

2

3 *Additional Counsel for Plaintiff Dawn Wiley is as follows:*

4 Mark P. Estrella (SBN 187091)

5 MEstrella@InitiativeLegal.com

6 Sang Park (SBN 232956)

7 SPark@InitiativeLegal.com

8

9 *Additional Defendants are as follows:*

10 JP MORGAN CHASE BANK, N.A., an Ohio Corporation; JPMORGAN CHASE

11 & CO, a Delaware Corporation; and DOES 1 through 10, inclusive

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

-1-
ATTACHMENT TO CIVIL COVER SHEET